UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:12-CV-76 |
| YOUR FRIENDS & NEIGHBORS, INC., YOUR FRIENDS & NEIGHBORS OF INDIANA, INC., PEJUS, INC. d/b/a YOUR FRIENDS & NEIGHBORS, YOUR FRIENDS & NEIGHBORS OF GEORGIA, INC., ROSEWATER, INC., ERNEST M. BEAL, JR., JILL FISHER, RUSSELL CHISM, SOPHIA TABLER-ADAMS, JENNIFER BEEMER, CHERYL HUESNER, KIMBERLY WAGNER, EMILY WATSON and KIMBERLY MEYERS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case was filed in this Court on March 2, 2012, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that "upon information and belief," Defendant Ernest M. Beal, Jr. "was at all times material to this action . . . a resident of Allen County, Indiana" (Compl. ¶ 13), Defendants Jill Fisher, Russell Chism, Sophia Tabler-Adams, Cheryl Huesner, Kimberly Wagner, and Kimberly Meyers are residents of Fort Wayne, Indiana (Compl. ¶¶ 14-16, 18-19, 21), Defendant Jennifer Beemer is a resident of Huntington, Indiana (Compl. ¶ 17), and Defendant Emily Watson is a resident of Kendallville, Indiana (Compl. ¶ 20).

The Complaint, however, is inadequate for three reasons. First, as to Defendant Beal, for

purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Therefore, the Court must be advised of Beal's citizenship at the time the Complaint was filed rather than "at all times material to this action."

Second, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152. Consequently, Plaintiff must amend its Complaint to allege the citizenship of the individual Defendants, Beal, Fisher, Chism, Tabler-Adams, Beemer, Huesner, Wagner, Watson, and Meyers, on personal knowledge rather than on information and belief.

The Complaint is also insufficient because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am.*,

*Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendants Beal, Fisher, Chism, Tabler-Adams, Beemer, Huesner, Wagner, Watson, and Meyers, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, __ F.3d __, 2012 WL 372988, at *1 (7th Cir. Feb. 7, 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, Plaintiff is ORDERED to supplement the record by filing an Amended Complaint on or before March 19, 2012, properly alleging on personal knowledge the citizenship of the individual Defendants at the time the Complaint was filed.

SO ORDERED.

Enter for this 5th day of March, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge